UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AMAR GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00209-JMS-MJD |
| | ) | |
| DAVID DECKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Amar Gilmore, who at all times relevant to this action was a federal inmate incarcerated at the Federal Correction Institution in Terre Haute, Indiana, brought this action pro se against the United States of America, David Decker, Genevieve Daughtery, and Sarah Walters. Mr. Gilmore asserts a claim under the Federal Tort Claims Act against the United States and Eighth Amendment claims against David Decker, Genevieve Daughtery, and Sarah Walters (the "Individual Defendants") based on his alleged receipt of deficient medical treatment while under their care. The Individual Defendants move for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before bringing this suit. For the reasons explained in this Entry, the Individual Defendants' motion for summary judgment is **denied**. Filing No. 23. The Court also provides the Individual Defendants notice and an opportunity to respond, pursuant to Rule 56(f), as to why summary judgment on the issue of exhaustion should not be entered in Mr. Gilmore's favor. In the alternative, the Individual Defendants may withdraw its affirmative defense.

# I.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

# II.
## Background

The Individual Defendants move for summary judgment on the ground that Mr. Gilmore's claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e. That provision requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. The parties both present evidence supporting their respective positions.

The Bureau of Prisons ("BOP") had promulgated an administrative remedy system, codified in 28 C.F.R. § 542.10, that was in effect at all times relevant to this case. The administrative remedy process allows an inmate to seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his administrative remedies under this process, an inmate must first file an informal remedy request through the appropriate institution staff member (BP-8). If the inmate is not satisfied with the response to his informal request, he is required to file his complaint with the Warden of his institution (BP-9). *See* 28 C.F.R. § 542.14. The deadline for completion of these two steps is twenty days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14(a).

If the inmate is dissatisfied with the Warden's response, he may appeal the decision to the Regional Director (BP-10). *See* 28 C.F.R. § 542.15. Finally, if an inmate is dissatisfied with the Regional Director's response, he may appeal to the General Counsel (BP-11). *See id.* Once the General Counsel has responded, an inmate has exhausted all of his administrative remedies.

All administrative remedy requests filed by inmates are logged in the SENTRY computer database utilized by the BOP to track such requests. This database was used to review Mr. Gilmore's administrative filings. Two administrative remedy requests filed by Mr. Gilmore have been accepted during his incarceration with the BOP, only one of which, Remedy 826489, dealt with the medical issues—chest and back pain—raised in Mr. Gilmore's Complaint.

Mr. Gilmore attempted to informally resolve the medical issues as demonstrated on his BP-8 form. The BP-8 was rejected on the merits on June 15, 2015. The reviewing staff member noted that Mr. Gilmore was properly evaluated and treated for chest and back pain on January 28 and 29, 2015, and checked a box on the form stating that an informal resolution was not reached and he should "[p]rogress to BP-9." Filing No. 1-1 at 3.

Mr. Gilmore filled out a BP-9 on June 22, 2015, and it was received by the Warden on June 30, 2015. *See* Filing No. 1-1 at 4-5. It was rejected as untimely on the same date it was received. *See* Filing No. 1-1 at 13; Filing No. 23-5 at 5. The rejection notice noted that a BP-9 must be received within twenty days "of the event complained about." Filing No. 1-1 at 13. Apparently, the rejection was based on the fact that the medical care about which Mr. Gilmore complained occurred in January 2015, while his BP-9 was not filed until June 2015.

Mr. Gilmore subsequently filed a BP-10 and BP-11 regarding this incident, both of which were rejected. The BP-10 rejection notice instructed Mr. Gilmore to address his complaint at the institution level and informed him that he "may file an appeal after receiving [the] warden['s]

response." Filing No. 1-1 at 11. The BP-11 rejection notice stated that it "concur[red] with [the] rationale of [the] regional office and/or institution for rejection." Filing No. 1-1 at 7.

## III.
## Discussion

The parties dispute whether exhaustion is a barrier to Mr. Gilmore's claims. The Court begins with the legal standards governing exhaustion before turning to the parties' arguments and an analysis of them.

### A.     Legal Standards Governing Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The exhaustion requirement "is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). Moreover, the "exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King*, 781 F.3d at 893.

"At the same time, the [PLRA] requires exhaustion only of remedies that are 'available.'" *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement," and if they do, their conduct can make the remedy process "unavailable." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Administrative remedies are primarily 'unavailable' to prisoners where 'affirmative misconduct' prevents prisoners from pursuing administrative remedies." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)

("[W]hen prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality.").

   B.   **Analysis**

The parties present arguments regarding several aspects of Mr. Gilmore's attempts to utilize the administrative remedy process, but the dispositive issue is whether the administrative remedy process was available to Mr. Gilmore at the relevant time.

The Individual Defendants' position is that Mr. Gilmore failed to exhaust his administrative remedies because his BP-9 was untimely. Therefore, say the Individual Defendants, Mr. Gilmore failed to "comply with the specific procedures and deadlines established by the prison's policy," *King*, 781 F.3d at 893, as is required to exhaust.

Mr. Gilmore responds that the Individual Defendants "failed to show what remedy was available" given that his BP-9 was only untimely because he was "hospitalized for an extended period of time which made it impossible to file . . . within the allotted 20 day time limit." Filing No. 30 at 2. Moreover, he attests that, "when able, [he] attempted to file an informal resolution [BP-8] which was accepted and responded to with the defendants knowledge that plaintiff was filing well past the deadline." *Id.*

In their reply, the Individual Defendants fail to meaningfully confront Mr. Gilmore's argument regarding the availability of the administrative remedy process. Instead, they argue first that "none of [Mr.] Gilmore's facts are supported by any admissible evidence whatsoever. Thus, at best they are his personal self-serving beliefs and are not admissible." Filing No. 33 at 2. Alternatively, they argue that Mr. Gilmore's argument regarding his inability to timely exhaust due to his hospitalization "is precisely the argument that he should have raised during the

administrative exhaustion phase," and because he "failed to do so, . . . his non-compliance dooms his action against the Individual Defendants." Filing No. 33 at 4.

As an initial matter, the Individual Defendants' argument that "*none* of [Mr.] Gilmore's facts are supported by any admissible evidence whatsoever," Filing No. 33 at 2 (emphasis added), is simply false. Mr. Gilmore's response brief, and several of his subsequent filings, are sworn under penalty of perjury pursuant to 28 U.S.C. § 1746. *See, e.g.*, Filing No. 30 at 4. This is all that is required for his attestations to constitute admissible evidence. *See Rowe v. Gibson*, 798 F.3d 622, 627 (7th Cir. 2015) (holding that a pro se prisoner's attestations in his verified complaint and declarations constitute competent evidence at summary judgment and "must be credited").

To the extent the Individual Defendants attempt to discredit Mr. Gilmore's sworn statements by describing them as "his personal self-serving beliefs," Filing No. 33 at 2, the Seventh Circuit has repeatedly and emphatically made clear that this is not a basis to discount evidence on summary judgment: "Deposition testimony, affidavits, responses to interrogatories, and other written statements by their nature are self-serving. As we have repeatedly emphasized over the past decade, the term 'selfserving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment." *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013). In short, the Individual Defendants have no basis in law or fact to argue that Mr. Gilmore's statements regarding what occurred are inadmissible.

Turning to Mr. Gilmore's evidence, it reveals that the administrative remedy process was unavailable to him. Specifically, he attests that he was "hospitalized for an extended period of time which made it impossible to file . . . within the allotted 20 day time limit." Filing No. 30 at 2. If the plaintiff is hospitalized such that he is medically incapable of complying with the administrative remedy process, the process is unavailable. *See Weiss v. Barribeau*, --- F.3d ----,

2017 WL 1291716, *2 (7th Cir. 2017) (holding that administrative remedies are unavailable "if the prisoner can't obtain or complete the forms required to invoke them" and that summary judgment for defendants was improper because "the defendants failed to explain to the court how he could have pursued his remedies while suffering a mental breakdown requiring hospitalization").

The Individual Defendants present no evidence disputing that Mr. Gilmore was hospitalized and thus unable to timely file a grievance due to that hospitalization. Instead, they argue that he was required to raise this argument, "during the administrative exhaustion phase," but he "failed to do so." Filing No. 33 at 4. It is true that the administrative remedy process permits grievances to be filed outside the established deadlines "[w]here the inmate demonstrates a valid reason for delay," such as when there is "an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal." 28 C.F.R. § 542.14(b). The Individual Defendants, however, fail to cite any authority in the administrative remedy policy supporting their position that he was *required* to raise the basis for his untimely filing in his BP-9 or elsewhere in an attempt to invoke this rule.

But even if there is such a requirement, the Individual Defendants simply ignore Mr. Gilmore's evidence that he provided the reason that he did so. Indeed, on his BP-9 form Mr. Gilmore wrote that he was "repeatedly in [and] out of the ICU" at a hospital due to the allegedly deficient medical care. Filing No. 1-1 at 4. This is certainly sufficient to put the prison officials on notice that Mr. Gilmore at least might have a "valid reason for delay" under the grievance policy. 28 C.F.R. § 542.14(b). Moreover, Mr. Gilmore attests that he raised "his inability to file timely due to health reasons during the administrative phase and the processing and subsequent response of the BP-8 showed prison officials initially accepted his reasons." Filing No. 35 at 4;

*see* Filing No. 30 at 2. The BP-8 response bears this out, as it was rejected on the merits and instructed Mr. Gilmore to "[p]rogress to BP-9." Filing No. 1-1 at 3. But only then was the BP-9 rejected as untimely. Thus the Individual Defendants' second argument—that Mr. Gilmore failed to raise the justification for his untimely filing during the administrative remedy process—is unavailing.

In sum, the Individual Defendants failed to carry their burden "to prove the availability of a remedy." *Dirig v. Wilson*, 609 Fed. Appx. 857, 859 (7th Cir. 2015); *see Kaba*, 458 F.3d at 686. Not only have the Individual Defendants' failed to carry their burden regarding availability, but they failed to dispute Mr. Gilmore's evidence that the administrative remedy process was unavailable. Accordingly, the Individual Defendants' motion for summary judgment on the issue of exhaustion is **denied**. Filing No. 23.

## IV.
## Rule 56(f) Notice and Further Proceedings

The current record before the Court shows that Mr. Gilmore is entitled to summary judgment on the Individual Defendants' affirmative defense of exhaustion. Therefore, pursuant to Rule 56(f)(1), the Court gives the Individual Defendants notice of its intent to grant summary judgment in Mr. Gilmore's favor on this issue. The Individual Defendants have **through April 28, 2017**, in which to respond to the Court's proposal.[1] Alternatively, they may withdraw their affirmative defense by this date.

---

[1] If the Individual Defendants resist the entry of summary judgment in Mr. Gilmore's favor on this issue, in addition to the evidence and reasoning discussed herein, they must also explain and adequately dispute why Mr. Gilmore's grievance was not timely given his contention that the deficient medical care was "ongoing" such that his BP-9 was timely. *See* Filing No. 35 at 5; *see also Weiss*, --- F.3d ----, 2017 WL 1291716, at *1 (noting that the grievance administer failed to "explain why it was too late for [the plaintiff] to file a grievance about an untreated injury that had caused continuous pain ever since the [initial alleged injury]").

**IT IS SO ORDERED.**

Date: 4/18/2017

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

AMAR GILMORE
37661-083
BUTNER - LOW FCI
BUTNER LOW FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 999
BUTNER, NC 27509

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov