UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AMAR GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00209-JMS-MJD |
| | ) | |
| DAVID DECKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Rule 56(f) Notice Regarding Exhaustion**

The Court denied the Individual Defendants' motion for summary judgment on the issue of exhaustion because the Individual Defendants failed to carry their burden to prove that the administrative remedies were available to plaintiff Amar Gilmore. Moreover, the Court concluded that the Individual Defendants had failed to dispute Mr. Gilmore's evidence that the administrative remedy process was indeed unavailable. Therefore, the Court gave the Individual Defendants notice pursuant to Rule 56(f) of its intent to grant summary judgment on the issue of exhaustion in Mr. Gilmore's favor. The Individual Defendants have responded, including by submitting new evidence to the Court, and Mr. Gilmore has replied.

The Individual Defendants present two arguments as to why summary judgment should not be entered in Mr. Gilmore's favor and why, instead, the Court should set this matter for a *Pavey* hearing. Mr. Gilmore argues that he is entitled to summary judgment. Ultimately, the Individual Defendants newly submitted evidence demonstrates that factual disputes regarding exhaustion must be resolved at a *Pavey* hearing. But before briefly discussing those factual disputes, the Individual Defendants' other argument must be addressed.

**I.**

The Individual Defendants first argue that summary judgment in Mr. Gilmore's favor is inappropriate because "*Pavey* . . . requires a different procedure than the one proposed by the Court." Filing No. 37 at 3. In *Pavey v. Conley*, the Seventh Circuit set forth the "sequence to be followed" by the district courts when exhaustion is "contested." 544 F.3d 739, 742 (7th Cir. 2008). The Individuals Defendants point out that *Pavey* requires an evidentiary hearing in every case in which exhaustion is "contested." Filing No. 37 at 3-5. The Court's use of Rule 56(f), in the Individual Defendants' view, is contrary to this requirement.

The only way in which the Court's Rule 56(f) procedure could be contrary to *Pavey* is if *Pavey* required a hearing even when there are no factual disputes to resolve at summary judgment, as was the case here. But there is no reason for the Court to hold a *Pavey* hearing unless there are factual disputes that must be resolved. Neither *Pavey* nor Seventh Circuit law more generally requires a *Pavey* hearing when there are no factual disputes regarding exhaustion. The Seventh Circuit has repeatedly made this clear. *See Wagoner v. Lemmon*, 778 F.3d 586, 591 (7th Cir. 2015) ("The purpose of a *Pavey* hearing is to resolve disputed factual questions that bear on exhaustion . . . ."); *Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015) (reversing the grant of summary judgment on exhaustion because the undisputed evidence presented at summary judgment showed that the administrative remedy process was unavailable to the plaintiff, and ordered the case to "proceed to the merits" in the district court, not proceed to a *Pavey* hearing); *see also Cooper v. Chandler*, 600 Fed. Appx. 468, 468 (7th Cir. 2015) ("A *Pavey* hearing was convened to resolve the fact dispute . . . ."); *Golden v. Stutleen*, 535 Fed. Appx. 526, 527 (7th Cir. 2013) ("When exhaustion is in genuine dispute, district courts must conduct an evidentiary hearing to resolve the dispute.") (citing *Pavey*, 544 F.3d at 742); *Moore v. Feinerman*, 515 Fed. Appx. 596, 598 (7th Cir.

2013) ("*In light of the fact dispute over exhaustion*, the district court held an evidentiary hearing required by *Pavey*.") (emphasis added).

The Seventh Circuit's decision in *Thomas* is instructive. In that case, the Seventh Circuit reversed the district court's grant of summary judgment to the defendants on the issue of exhaustion for "two independent reasons." 787 F.3d at 847. The evidence at summary judgment revealed, among other things, the following: "[w]hile in segregation . . . [the plaintiff] had asked three officers to explain the jail's [grievance] procedure so he could grieve about 'how staff [assaulted him].' Two gave him no information. The third—whose statement the defendants do not dispute—told [the plaintiff that,] 'You can't file a grievance on that. That's what you're in . . . [segregation] for.'" *Id.* Based on that evidence, the Seventh Circuit held that the administrative remedy process was unavailable and that "[t]he case should proceed to the merits." *Id.* at 847-48. Notably, the Seventh Circuit did not state that the defendants were entitled to present further evidence before the defense was rejected—as the Court's Rule 56(f) notice did here—let alone order a *Pavey* hearing simply because exhaustion is in some sense "contested."

This case is similar to *Thomas*. As set forth in the Court's order denying summary judgment, the undisputed evidence revealed that the administrative remedy process was unavailable to Mr. Gilmore. It was the Individual Defendants who invoked Rule 56, and there is nothing in *Pavey* that forecloses the Court's reliance upon any or all of that Rule's provisions. Moreover, instead of outright rejecting the exhaustion defense, as *Thomas* suggests would be permissible, the Court provided the Individual Defendants the opportunity to present additional argument and evidence pursuant to Rule 56(f). Thus, far from an improper procedure, this was an additional opportunity for the Individual Defendants to present evidence showing there was a factual dispute to resolve at a *Pavey* hearing. For future reference, this was an opportunity the

Individual Defendants could and should have taken in conjunction with their reply brief. Instead, they chose the ineffectual course of arguing that Mr. Gilmore's sworn statements should be disregarded as self-serving—a legal argument that has been roundly rejected by the Seventh Circuit on numerous occasions.

In sum, the Individual Defendants' argument that it is improper for the Court to provide Rule 56(f) notice when the undisputed evidence showed that the administrative remedy process was unavailable is inconsistent with Seventh Circuit law, which requires a *Pavey* hearing only when there is a factual dispute for the Court to resolve. It was the Individual Defendants' burden to prove that the administrative remedy process was available. *See Thomas*, 787 F.3d at 848; *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006). Not only did they fail to establish this as a matter of law, but they failed in reply to dispute Mr. Gilmore's evidence that the administrative remedy process was indeed unavailable. The Court's Rule 56(f) notice was a second opportunity to do so and arguably one that was not required. To ensure that the Individual Defendants do not miss this opportunity in the future, it would be prudent for them to address plaintiffs' evidence head on, rather than asking the Court to ignore it on a ground that is inconsistent with well-established Seventh Circuit law.

## II.

The Individual Defendants' second argument is that genuine issues of material fact preclude summary judgment in Mr. Gilmore's favor. The Court agrees, and thus will only briefly summarize the factual disputes here.

In response to the Individual Defendants' motion for summary judgment, Mr. Gilmore presented evidence that the administrative remedy process was unavailable to him because "he was 'hospitalized for an extended period of time which made it impossible to file . . . within the

allotted 20 day time limit.'" Filing No. 36 at 6 (quoting Filing No. 30 at 2). Although previously undisputed, the Individual Defendants now present evidence that the administrative remedy process was available to Mr. Gilmore during his hospitalization. *See, e.g.*, Filing No. 37-1 at 2. They also present evidence that the Counselor who allegedly told Mr. Gilmore that he could file his BP-8 late, did not do so. *See* Filing No. 37-1 at 3. Mr. Gilmore, in his reply, disputes this evidence. But, as discussed above, such factual disputes must be resolved at a *Pavey* hearing.

One final note for the *Pavey* hearing. In the Court's order denying summary judgment, the Court ordered the Individual Defendants, if they filed a Rule 56(f) response, to "explain and adequately dispute why Mr. Gilmore's grievance was not timely given his contention that the deficient medical care was 'ongoing' such that his BP-9 was timely." Filing No. 36 at 8 n.1 (citing Filing No. 35 at 5; *Weiss v. Barribeau*, --- F.3d ----, 2017 WL 1291716, *1 (7th Cir. 2017)). As Mr. Gilmore points out, the Individual Defendants did not do so, despite the Court's explicit instructions. Nevertheless, the Court concludes that a *Pavey* hearing is the most efficient course at this point in the litigation. The Individual Defendants, however, should ensure that they address this issue and submit any evidence regarding it at the *Pavey* hearing in order to have a chance of carrying their burden on the issue of exhaustion.

## III.

This matter will be set for a *Pavey* hearing by separate entry. A pre-*Pavey* conference will also be set and conducted by the Magistrate Judge. The Court will attempt to recruit volunteer counsel to assist Mr. Gilmore with the hearing. If Mr. Gilmore objects to representation by voluntary counsel, he has **through May 30, 2017**, to notify the Court.

The action remains stayed except for activities, including discovery, associated with the development and resolution of the affirmative defense that Mr. Gilmore failed to exhaust his administrative remedies as to the Individual Defendants before filing this action, or any other matter directed by the Court.

**IT IS SO ORDERED.**

Date: 5/18/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

AMAR GILMORE
37661-083
BUTNER - LOW FCI
BUTNER LOW FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 999
BUTNER, NC 27509

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov